WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Robert P. Lesko (RPL 1553)
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0808
*robert.lesko@wilsonelser.com*
Attorneys for Defendant American General Life
Insurance Company

| | |
|---|---|
| DEBBY MENDEZ, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : Civil Action No. |
| v. | : |
| | : |
| AMERICAN GENERAL LIFE INSURANCE | : **NOTICE OF REMOVAL OF A CIVIL** |
| COMPANY, | : **ACTION** |
| | : |
| Defendant. | : |
| | : |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446 (a), American General

Life Insurance Company (hereinafter "American General"), by and through their undersigned

attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, on this date hereby removes this

Civil Action from the Superior Court of New Jersey, Law Division, Morris County, to the United

States District Court for the District of New Jersey, together with all process, pleadings, and

Orders, as required by 28 U.S.C. § 1446 (a), copies of which are attached hereto, and made part

hereof respectfully shows:

1.   On December 30, 2008, Plaintiff Debby Mendez filed a civil action in the

Superior Court of New Jersey, Law Division, Morris County, bearing Docket Number L-3866-

08, entitled *Debby Mendez, Plaintiff v. American General Life Insurance Company, Defendant*

834774.1

[*See* true and exact copies of the Summons and Complaint, filed December 30, 2008, annexed hereto as **Exhibit "A."**]

2.    This Notice of Removal is timely filed within thirty (30) days after American General first received service of the Summons and Complaint. The Summons and Complaint were first served upon Corporation Service Company on February 13, 2009. American General received the Summons and Complaint from Corporation Service Company sometime thereafter.

3.    Briefly, Plaintiff Debby Mendez alleges in her Complaint that American General breached its contract when it rescinded Renewable Level Benefit Term Life Policy YM00399650 insuring the life of Jorge Mendez based upon material misrepresentations contained in the application for reinstatement of said policy following a period of lapse. [*See* **Exhibit "A"**, page 13 of the Complaint.]

4.    As a result of the alleged breach of contract, demands judgment against American General for the proceeds of the policy of insurance in the amount of one million two hundred thousand dollars ($1,200,000.00) plus interest and costs.

6.    The District Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000. Diversity Jurisdiction is proper in this action because:

    a.    Plaintiff is a citizen of the State of New Jersey, having her address at 42 Maple Street, Chatham, New Jersey, 07928.

    b.    At all times material hereto, and continuing to the present, Defendant American General is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas.

c.      The amount in controversy between the parties in this matter exceeds $75,000.00, exclusive of interest and costs, as Plaintiff seeks compensatory and punitive damages and attorneys fees.

7.      As jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. §1332, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

9.      American General does not waive any objections, exceptions, or defenses to Plaintiff's Complaint.

10.      Upon filing the within Notice of Removal in the office of the Clerk of the United States District Court for the District of New Jersey, the Defendant also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Morris County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(d). (A true and exact copy of the Notice filed with the Superior Court of New Jersey is annexed hereto as **Exhibit "B"**).

WHEREFORE, Defendant American General prays that given that the statutory requirements have been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Morris County, be removed therefrom to this Court.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
Attorneys for Defendant American General Life Insurance Company

By:_____

Julie E. Von Bevern, Esq.

Dated: March 13, 2009

834774.1

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of the defendant, I caused an original and five (5) copies

of the Notice of Removal to be delivered via hand delivery on this date to:

> Clerk, United States District Court
> District of New Jersey
> M.L. King, Jr. Federal Building & U.S. Court House
> 50 Walnut Street
> Newark, New Jersey 07102

I further certify that I caused to be delivered one (1) copy overnight mail to:

> Elizabeth H. Hamlin, Esq.
> Garrity, Graham, Murphy, Garofalo & Flinn
> One Lackawanna Plaza
> Montclair, New Jersey 07042

I further certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendant American General Life Insurance Company

By: _____
          Julie E. Von Bevern, Esq.

Dated: March 13, 2009

# Garrity, Graham, Murphy, Garofalo & Flinn

| | A PROFESSIONAL CORPORATION | |
|---|---|---|
| **Elizabeth H. Hamlin** | COUNSELLORS AT LAW | **New York Office** |
| DC, MD and NJ Bars | ONE LACKAWANNA PLAZA, PO BOX 4205 | PMB 46015 |
| Associate | MONTCLAIR, NJ 07042-8205 | 140 BROADWAY |
| | | 46TH FLOOR |
| Phone Ext. 219 | **(973) 509-7500** | NEW YORK, NY 10005 |
| E-Mail: | | |
| ehh@garritygraham.com | | (212) 858-7716 |
| | **FAX (973) 509-0414** | |

February 12, 2009

American General Life Insurance Company
c/o Corporation Services Company
830 Bear Tavern Road
West Trenton, NJ 08628

> Re:   Mendez v. American General Life Insurance Company
> Docket No:   MRS-L-3866-08
> Our File No.   990.22450-EHH

Dear Sir/Madam:

I hereby serve upon you a Summons and Complaint in regard to the above captioned matter. Kindly forward same to your insurance carrier and/or attorney and file an Answer within the time prescribed by the Rules of Court.

Pursuant to New Jersey Rule 4:18-1, you are also being served with Plaintiff's First Request for Production of Documents. The rules allow the defendant 50 days from the date the defendant is served with the Summons, Complaint and Request for Production of Documents within which to serve Responses to the Request for Production of Documents.

Very truly yours,

ELIZABETH H. HAMLIN

EHH:jf
Encl.

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN        NJ 07960

                                            TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4103
COURT HOURS

                        DATE:   DECEMBER 30, 2008
                        RE:     MENDEZ VS AMERICAN GENERAL LIFE INS CO
                        DOCKET: MRS L -003866 08

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHEN F. SMITH

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (973) 656-4103.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: ELIZABETH H. HAMLIN
                                    GARRITY GRAHAM MURPHY G & F
                                    PO BOX 4205
                                    MONTCLAIR       NJ 07042-8205

JUJXEL

| Attorney(s) | Garrity Graham Murphy Garofalo & Flinn |
|---|---|
| Office Address | One Lackawanna Plaza |
| | P.O. Box 4205 |
| Town, State, Zip Code | Montclair, NJ 07042 |
| Telephone Number | (973) 509-7500 |
| Attorney(s) for Plaintiff | Debby Mendez |

DEBBY MENDEZ,

Plaintiff(s)

Vs.

AMERICAN GENERAL LIFE INSURANCE COMPANY

Defendant(s)

## Superior Court of New Jersey

| Morris | County |
|---|---|
| Law | Division |

Docket Number   MRS-L-3866-08

## CIVIL ACTION

## Summons

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 02/12/2009

*Jennifer Perez*
Jennifer Perez
Clerk Superior Court

Name of Defendant to Be Served:  American General Life.
830
Address of Defendant to Be Served:  820 Bear Tavern Road,

American General Life Ins. Co.
c/o Corporation Services Company
West Trenton, NJ 08628

NOTE: The Case Information Statement is available at http://www.njcourtsonline.com/civilforms/10517.pdf

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts.
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Directory of Superior Court Deputy Clerk's Offices
County Lawyer Referral and Legal Services Offices

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Directory of Superior Court Deputy Clerk's Offices
County Lawyer Referral and Legal Services Offices

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| PAYMENT TYPE: CK | CG | CA |
| CHG/CK NO. | | |
| AMOUNT: | | |
| OVERPAYMENT: | | |
| BATCH NUMBER: | | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Elizabeth H. Hamlin, Esq. | ( 973 )  509-7500 | Morris |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| Garrity, Graham, Murphy, Garofalo & Flinn | L-3866-08 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 1 Lackawanna Plaza  PO Box 4205  Montclair, New Jersey 07042-8205     File #990.22450-EHH | Complaint |
| | JURY DEMAND  ✔ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Debby Mendez, Plaintiff | Debby Mendez v. American General Life Insurance Company |

| CASE TYPE NUMBER (See reverse side for listing)  599 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ✔ NO  IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?  ☐ YES  ✔ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ✔ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN  AIG  ☐ NONE  ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ✔ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE  ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR  ☐ BUSINESS | ✔ OTHER (explain)  Contractual |
|---|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ✔ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ✔ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ✔ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

ATTORNEY SIGNATURE

Revised Effective 2/01/2008, CN10517

 

SIDE 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 241 | TOBACCO | 275 | ORTHO EVRA |
| 248 | CIBA GEIGY | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 277 | MAHWAH TOXIC DUMP |
| 271 | ACCUTANE | 278 | ZOMETA/AREDIA |
| 272 | BEXTRA/CELEBREX | 601 | ASBESTOS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

Revised Effective 2/01/2008, CN10517

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, New Jersey 07042
973-509-7500
Attorneys for Plaintiff Debby Mendez
990.22450FXG

RECEIVED & FILED
SUPERIOR COURT
2008 DEC 30  AM 9: 40
CIVIL DIVISION

| | |
|---|---|
| DEBBY MENDEZ, | **SUPERIOR COURT OF NEW JERSEY** |
| Plaintiff, | LAW DIVISION – MORRIS COUNTY |
| v. | DOCKET NO: L-3866-08 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | CIVIL ACTION |
| Defendant. | **COMPLAINT** |

**PLAINTIFF,** DEBBY MENDEZ, by and through her attorneys, Garrity, Graham, Murphy, Garofalo & Flinn, P.C., brings this Complaint against the defendant, AMERICAN GENERAL LIFE INSURANCE COMPANY, and alleges as follows:

**THE PARTIES**

1.     Plaintiff, Debby Mendez is the surviving spouse of Jorge Mendez, who died on March 12, 2008.

2.     Defendant, American General Life Insurance Company (AIG) is an insurance company incorporated in Delaware with its primary place of business at 2727-A Allen Parkway in Houston, Texas and is licensed to do business in the State of New Jersey.

1

3.      On or about December 6, 2006, Jorge Mendez purchased a policy of life insurance from defendant AIG for the benefit of his wife, plaintiff Debby Mendez, said contract or policy being identified by policy number YM00399650 , and attached hereto as Exhibit "A."

4.      The aforesaid contract of insurance or policy was in effect during the period from December 6, 2006 until February 6, 2007 when it lapsed on account of nonpayment of premiums.

5.      Pursuant to the provisions of the policy's reinstatement clause, on April 20, 2007 Jorge Mendez applied for reinstatement of the life insurance policy. He was provided and he completed an application for reinstatement to the best of his knowledge and answered the questions truthfully. He delivered the application to Jeffrey L. Greenberg of Insurance Planning Consultants, agent for AIG. On April 26, 2007, the said Jeffrey L. Greenberg submitted the application to AIG.

6.      The Application for Reinstatement asked for the name and address of Jorge Mendez's personal physician. He answered, "Dr. Alterman, SM Group Berkeley Hts. Diamond Hill Rd. A related question asked "Date, reason, findings, and treatment at last visit." Six months previously in the original application for life insurance, Mr. Mendez had answered this question "@year. No recall." In this application for reinstatement, Mr. Mendez left it blank.

8.      By correspondence dated May 2, 2007 American General informed Jorge Mendez as follows:

> "We received your request to change or reinstate the above contract. We are unable to complete your request until such time as the item(s) below have been resolved: Question # 4 on Page 2, Section II - B - must be answered. Please use ink then initial and date your changes.

9.      On May 7, 2007, Jorge Mendez supplied the missing information on the returned page of the application for Reinstatement truthfully stating the date of his last visit with his personal physician as "2/8/06 physical/no findings, all normal." On May 21, 2007, AIG reinstated the policy.

10. Plaintiff, Debby Mendez, the named beneficiary of the policy of life insurance duly notified AIG of the death of her husband and applied for the proceeds of the referenced Life Insurance Policy.

11.   By letter dated September 23, 2008 Defendant AIG purported to rescind the Life Insurance Policy "due material misrepresentation of pertinent information on the reinstatement application."

12.   Jorge Mendez, the insured, made no material misrepresentation of any pertinent information requested from him. He answered each question to the best of his knowledge, information and belief at the time each question was answered.

13.   Defendant's attempted rescission of the life insurance policy is without legal cause and constitutes a breach of its contract with Jorge Mendez, of which plaintiff Debby Mendez, as a designated third-party beneficiary, is entitled to complain of the breach.

14.   Defendant AIG is liable to the plaintiff for any and all damages incurred by virtue of the defendant's breach of contract and wrongful denial of coverage, including damages, interest, and costs.

WHEREFORE, plaintiff Debby Mendez hereby demands judgment against defendant AIG for the proceeds of the policy of life insurance in the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00) plus interest, costs and such further relief as this Court shall deem just and proper.

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
Attorneys for Plaintiff, Debby Mendez

By:_____
Elizabeth H. Hamlin

3

## JURY DEMAND

Plaintiff, Debby Mendez, hereby demands a trial by jury as to all issues so triable.

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
Attorneys for Plaintiff, Debby Mendez

By: _____
Elizabeth H. Hamlin

## DESIGNATION OF TRIAL COUNSEL

Elizabeth H. Hamlin is hereby designated as trial counsel for plaintiff, Debby Mendez.

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
Attorneys for Plaintiff, Debby Mendez

By: _____
Elizabeth H. Hamlin

## RULE 4:5-1 CERTIFICATION

I hereby certify in accordance with R. 4:5-1 that to the best of my knowledge, there are no other proceedings either pending or contemplated with respect to the matter in controversy in this action and at this time, there are no other parties known who should be joined in this action.

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
Attorneys for Plaintiff, Debby Mendez

By: _____
Elizabeth H. Hamlin

Dated:  December 29, 2008

4

# AMERICAN GENERAL LIFE Insurance Company

2727-A Allen Parkway, Houston, Texas 77019 1-800-487-5433

American General Life Insurance Company, a stock company, referred to in this policy as we/us/our, will pay the benefits of this policy subject to its provisions. This page and the pages that follow are part of this policy.

Signed at our home office at 2727-A Allen Parkway, Houston, Texas 77019.

Secretary

President

## READ YOUR POLICY

This policy is a legal contract between the owner and American General Life Insurance Company.  Read your policy carefully.

## RIGHT TO RETURN POLICY

The owner may return this policy to us at the above address or to the agent from whom it was purchased within 30 days after receipt.  This policy will then be cancelled as of its date of issue and any premium paid will be refunded.

Renewable Level Benefit Term Life Policy
Premiums Payable During Term
Insurance Payable in Event of Death Prior to Final Expiry Date
New Policy Option

Adjustable Premium

No Dividends
Re-Entry Option

LTG 2000AG.1                YM00399650



PLAINTIFF'S
EXHIBIT

*A*

Page 1

**TABLE OF CONTENTS**

| Page | Title of Provision |
|------|--------------------|
| 7 | Application for a Change in Underwriting Class |
| 8 | Assignment |
| 8 | Beneficiary |
| 8 | Change of Owner or Beneficiary |
| 8 | Claims of Creditors |
| 8 | Contract |
| 8 | Correspondence |
| 5 | Definitions |
| 5 | Grace Period |
| 5 | Incontestability |
| 8 | Misstatement of Age or Sex |
| 6 | New Policy Option |
| 8 | Nonparticipating |
| 8 | Owner |
| 5 | Payment of Proceeds |
| 8A | Payment Options |
| 8B, 8C, 8D | Payment Options Monthly Income Table |
| 8 | Policy Settlement |
| 3 | Policy Specifications |
| 5 | Premium Payment |
| 1 | Read Your Policy |
| 7 | Re-Entry Option |
| 5 | Reinstatement |
| 6 | Renewal Option |
| 6 | Right To Change Premium |
| 1 | Right To Return Policy |
| 3 | Schedule of Benefits and Premiums |
| 5 | Suicide |
| 4 | Table of Premiums |

See Supplemental Benefit Pages For Riders, If Any.

## POLICY SPECIFICATIONS

| | | | |
|---|---|---|---|
| Insured | Jorge Mendez | Policy Number | YM00399650 |
| Face Amount | $1,200,000 | Date of Issue | December 6, 2006 |
| Sex | MALE | Age at Issue | 51 |
| Underwriting Class | Standard Non-Tobacco | | |

## SCHEDULE OF BENEFITS AND PREMIUMS

| Benefits | Benefit Amounts | Annual Premium | Years Payable |
|---|---|---|---|
| Life Insurance | $1,200,000 | $3,986.00 | 15 Years* |
| | | | |
| Total Initial Annual Premium | | $3,986.00 | |

Premiums payable other than annually are equal to a percentage of the annual premium. These percentages are shown on page 4. Premiums for this policy are initially payable at Monthly intervals. The first Monthly premium is $348.78.

*Annual renewal premiums are shown in the table of premiums on page 4. On the fifteenth policy anniversary and any later policy anniversary we have a right to change the premium. See the Right To Change Premium provision.

Expiry dates. The initial expiry date is December 6, 2021. Subsequent expiry dates will occur at the end of each one year renewable term period. The final expiry date is December 6, 2050.

New Policy Option. This policy may be exchanged for a new policy as specified in the New Policy Option provision. This option is available until the fifteenth policy anniversary, provided the insured is age 75 or less on the date of exchange.

Re-Entry Option. This policy may be exchanged for a new policy as specified in The Re-Entry Option provision. This option is available only on the fifteenth policy anniversary, provided the insured is age 75 or less on the date of exchange.

TABLE OF PREMIUMS

| Policy Year | Current Annual Life Insurance Premium | Maximum Annual Life Insurance Premium | Policy Year | Current Annual Life Insurance Premium | Maximum Annual Life Insurance Premium |
|---|---|---|---|---|---|
| 1-15 | $3,986.00 | $3,986.00 | 30 | $224,858.00 | $224,858.00 |
| 16 | $52,538.00 | $56,210.00 | 31 | $246,098.00 | $246,098.00 |
| 17 | $56,978.00 | $62,114.00 | 32 | $270,098.00 | $270,098.00 |
| 18 | $61,694.00 | $68,450.00 | 33 | $297,146.00 | $297,146.00 |
| 19 | $67,058.00 | $75,362.00 | 34 | $326,714.00 | $326,714.00 |
| 20 | $73,634.00 | $83,162.00 | 35 | $358,130.00 | $358,130.00 |
| 21 | $81,470.00 | $93,434.00 | 36 | $390,770.00 | $390,770.00 |
| 22 | $90,338.00 | $102,194.00 | 37 | $424,346.00 | $424,346.00 |
| 23 | $100,178.00 | $113,906.00 | 38 | $458,186.00 | $458,186.00 |
| 24 | $110,918.00 | $127,058.00 | 39 | $492,746.00 | $492,746.00 |
| 25 | $133,562.00 | $141,170.00 | 40 | $528,506.00 | $528,506.00 |
| 26 | $156,194.00 | $156,194.00 | 41 | $566,066.00 | $566,066.00 |
| 27 | $171,986.00 | $171,986.00 | 42 | $606,650.00 | $606,650.00 |
| 28 | $188,378.00 | $188,378.00 | 43 | $651,962.00 | $651,962.00 |
| 29 | $205,778.00 | $205,778.00 | 44 | $709,610.00 | $709,610.00 |

The premiums shown above are annual life insurance premiums.  Premiums payable other than annually are computed by multiplying the applicable annual premium by the premium percentages shown below.

| Premium Interval | Premium Percentage |
|---|---|
| Semi-annual | 52.00% |
| Quarterly | 26.50% |
| Monthly (Pre-authorized checking) | 8.75% |

## DEFINITIONS

**Age or attained age** means the insured's age nearest birthday at the beginning of a policy year.

**Policy months, policy years, and anniversaries.** The first policy year begins on the date of issue shown on page 3. Subsequent policy months, years and anniversaries will be measured from that date.

**Nontobacco** means the insured has not smoked or used any tobacco products during the 12 months prior to a request for a decrease in premium.

## PAYMENT OF PROCEEDS

Proceeds will be payable on the date of the insured's death.  This policy will terminate upon the earlier of (1) the date of the insured's death, or (2) the final expiry date.

Upon receipt of due proof of the insured's death, we will pay the insured's beneficiary the face amount.  We will add to the face amount the part of any premium paid for the period beyond the policy month in which the insured's death occurs.  If death occurs during the grace period of an unpaid premium, an amount equal to one month's premium will be deducted from the proceeds.

Due proof of the insured's death will consist of proof of the claimant's interest in the proceeds and a certified copy of the death certificate of the insured.

Interest as required by law will be added to the proceeds payable under this policy.

## SUICIDE

In the event of the suicide of the insured, while sane or insane, within two years from the date of issue, our liability will be limited to the premiums paid.

## INCONTESTABILITY

Except for nonpayment of premiums, we will not contest this policy after it has been in force during the lifetime of the insured for two years from the date of issue.

We will not contest a reinstatement after the reinstatement has been in force during the lifetime of the insured for two years from the date of reinstatement. If we contest a reinstatement, we will contest only statements made in the reinstatement application.

## PREMIUM PAYMENT

The first premium is due on the date of issue and is payable at our home office or to an authorized agent.  Insurance will not take effect before this premium is paid.  Later premiums are due and payable at the intervals and for the period shown on page 3, while the insured is alive.  Later premiums may be sent to our home office or given to an authorized agent in exchange for a receipt signed by one of our officers.  Premiums may be paid at other intervals if such intervals are available on the date the owner requests to change the premium interval.

Any premium, after the first, not paid on or before its due date will be in default.  Such due date will be the date of default.

## GRACE PERIOD

A 31 day grace period, without interest charge, is allowed for the payment of each premium after the first.  This policy will stay in force during this period.  If  we have not received the premium at our home office with the remittance postmarked no later than the date on which the grace period ends, this policy will lapse and insurance will end at the end of the Grace Period.

## REINSTATEMENT

If this policy lapses, it may be reinstated within five years after the date of default.  We will require the insured to submit evidence of insurability which is satisfactory to us.

Reinstatement will also be subject to payment of the premium for the grace period with interest at the rate of 6% per year compounded annually plus the premium due for the current policy month.

## RIGHT TO CHANGE PREMIUM

We reserve the right to change the premium for this policy on the policy anniversary specified on page 3 and on any later policy anniversary, subject to the following terms:

1. The premium will not exceed the applicable maximum premium shown on page 4.

2. Any change in premium will apply to all insureds with the same benefits and provisions who have the same date of issue, age at issue, sex and underwriting class. We will not change the premium because of a change in an insured's health, occupation or avocation.

3. Any change in premium will take effect only after 30 days' prior notice to the owner of this policy.

4. Any change in premium will be based solely on changes in our future expectations as to investment earnings, mortality, persistency, expenses and reinsurance costs. We will not recoup prior losses, if any, nor distribute prior gains, by changing the premium.

5. Any change in premium will be determined in accordance with procedures and standards on file with the Insurance Department.

This provision does not apply to any rider attached to this policy.

## NEW POLICY OPTION

This option is available by written request at any time during the period specified on page 3.

We will make a permanent individual life policy available for exchange. This policy may be exchanged for such policy on the insured if no premium is in default and the insured does not qualify for waiver of premium benefits under this policy. We will not require the insured to submit evidence of insurability. The date of exchange will be the date requested by the owner.

The new policy will be issued as of the date of exchange based on the insured's age on that date and the premium rate then in use. The face amount of the new policy may not exceed the face amount of this policy on the date of exchange. The insured's underwriting class will be based on the underwriting class of this policy. The suicide and contestable periods of the new policy will be measured from the date of issue of this policy.

Any benefits or riders in force under this policy on the date of exchange and available for issue to the insured's underwriting class under the new policy will be included in the new policy.

## RENEWAL OPTION

This policy may be renewed without evidence of insurability on each expiry date for an additional renewal term period. Renewal premiums are shown on page 4.

The first premium for a new term will be due at the end of the previous term. This policy will renew if this premium is paid within the grace period. Premiums for the new term will be due and payable at the intervals then in effect for this policy.

No term period will extend beyond the final expiry date shown on page 3.

**RE-ENTRY OPTION**

This option is available only on the date of exchange specified on page 3. We agree to exchange this policy for a new renewable level term policy on the life of the insured. We will require evidence of insurability satisfactory to us. Such evidence will be paid for by us and will be based on our then current underwriting rules.

Exchange will be subject to the following terms:

1. A properly completed application must be submitted to us within 60 days prior to the date of exchange, along with payment of the first premium for the new policy.

2. This policy must be in full force and all premiums due prior to the date of exchange must be paid. Insurance under this policy will cease when this policy is exchanged.

3. The age at issue for the new policy will be the age of the insured on the date of exchange.

4. The new policy will be on the same plan of insurance as this policy. The date of issue of the new policy will be the date of exchange. The face amount of the new policy may not exceed the face amount of this policy and must meet or exceed the minimum then in effect for the plan elected.

5. Any benefits or riders in force under this policy on the date of exchange will be included in the new policy.

6. The new policy will not have a suicide provision.

7. The contestable period of the new policy will start on the date of exchange, with respect to the evidence of insurability used to qualify the insured for the new policy. However, we may contest only the difference between the face amount of the new policy and the face amount that the premium for the new policy, excluding the premium for any riders, would have purchased on the date of exchange had this policy remained in force.

8. The premium rates for the new policy will be our then current rates applicable to a new purchase of the plan elected.

**APPLICATION FOR A CHANGE IN UNDERWRITING CLASS**

At any time after the date of issue the owner can apply to have the insured's underwriting class improved subject to the following:

1. The owner can apply for nontobacco premium rates if the insured has not used any tobacco products during the 12 months prior to the date a request is received for such rates.

2. We will require evidence of insurability satisfactory to us. Such evidence will be paid for by us, will be based on our underwriting rules in effect at the time of the change and may involve criteria other than tobacco use status.

3. Such evidence will become part of this policy.

4. If approved, the change in underwriting class will become effective on the monthly date that falls on or next follows the date we approve such change.

5. The new premiums will be based on the insured's age on the effective date of the change.

6. The guaranteed period for the new premiums will start anew.

7. We will send the owner a supplemental endorsement showing the effective date of the change, the new underwriting class and the new current and maximum annual premiums.

We will not adversely change the insured's underwriting class or increase premium rates as a result of any evidence of insurability provided in applying for nontobacco premium rates.

We will not contest an underwriting class change after such change has been in force during the lifetime of the insured for two years. If we contest such change, we will contest only statements made in the application for such change.

If we successfully contest an underwriting class change while the insured is living, the insured's underwriting class will revert to the underwriting class that was in effect immediately prior to the change. Future premiums will be adjusted to reflect such underwriting class reversion. If we successfully contest a change after the insured's death, the death benefit will be adjusted to reflect the premium rate in effect at the date of death, for the insured's underwriting class that was in effect immediately prior to the change.

**NONPARTICIPATING**

This policy does not pay dividends.

**OWNER**

The owner is as shown in the application unless changed. The owner has all rights under this policy while the insured is alive. These rights are subject to the consent of any living irrevocable beneficiary.

**BENEFICIARY**

The beneficiary or beneficiaries are as shown in the application unless changed. If no beneficiary survives the insured, the owner or the estate of the owner will be the beneficiary. However, if a trust is the owner and no beneficiary survives the insured, the estate of the insured will be the beneficiary.

**CHANGE OF OWNER OR BENEFICIARY**

While this policy is in force the owner may change the beneficiary or ownership by written notice to us. When we record the change, it will take effect as of the date the owner signed the notice, subject to any payment we make or other action we take before recording.

**CORRESPONDENCE**

Any request, notice or proof shall be filed with our home office.

**ASSIGNMENT**

No assignment of this policy will be binding on us until filed with us in writing and recorded by us. No assignment will affect any payment we made before we recorded the assignment. We will not be responsible for the validity of an assignment.

All rights of the owner and any revocable beneficiary are subject to the rights of any assignee on record with us.

**POLICY SETTLEMENT**

In any settlement we may require the return of this policy.

**THE CONTRACT**

The entire contract consists of this policy, any riders and endorsements, the attached copy of the original application and any amendments or supplemental applications.

All statements in an application are representations and not warranties. No statement will be used to void this policy or to contest a claim unless it appears in an application or amendment which is attached to and made part of this policy.

This policy may not be changed, nor may any of our rights or requirements be waived, except in writing by one of our authorized officers.

**MISSTATEMENT OF AGE OR SEX**

If the insured's age or sex has been misstated, any death benefit payable by us will be what the premiums paid would have bought at the insured's correct age and sex.

**CLAIMS OF CREDITORS**

All payments under this policy are exempt from the claims of creditors to the extent permitted by law.

## PAYMENT OPTIONS

Proceeds of less than $5,000 will be paid in one lump sum. Proceeds of $5,000 or more may be paid under an option. When proceeds are placed under an option the payee will receive a settlement contract. The date of the contract will be the date the proceeds become payable. The owner may choose the option only while the insured is living. After the death of the insured, the beneficiary may choose the option if proceeds are payable in one sum. Payment options for death proceeds must be chosen within six months after the insured's death. Payment options for other proceeds must be chosen within two months of the date they are payable. All elections must be filed with us in writing. Payments may be requested at 1, 3, 6 or 12 month intervals. Each payment must be at least $50. Each payee must be a living person receiving payments in his own right.

The interest rate for options 1, 2 and 3 will be declared by us each year. This rate will never be less than 3% per year. For options 1 and 3 any interest in excess of 3% will be used to increase payment amounts; for option 2 any excess interest will be used to lengthen the payment period.

For options 4, 5, 6 and 7 the payments will be based on rates declared by us from time to time. These rates will be 3 1/2% less than the published rates in effect for immediate annuities on the date of the settlement contract. Payments under these rates will never be less than the amount according to the tables of minimum monthly income on pages 8B, 8C and 8D. The rates in the tables are derived from a projection of the 1983 Table "a", and an annual interest rate of 3.00%.

**Option 1. Interest.** We will hold the proceeds on deposit. Interest will be paid while the payee is living. Sums of $500 or more may be withdrawn up to four times a year.

**Option 2. Specified Income.** We will pay a stated income amount until the proceeds, with interest on the unpaid balance, are used up. The income each year may not be less than 10% of the proceeds.

**Option 3. Income for Specified Period.** We will pay an income for a stated period, up to 30 years.

**Option 4. Life Income with Guaranteed Period.** We will pay an income for a guaranteed period and for the rest of the payee's life. The guaranteed period may be 10, 15 or 20 years.

**Option 5. Life Income without Guaranteed Period.** We will pay an income for the payee's lifetime. Payments will end at the death of the payee. However, if the payee dies within one year of the date of the settlement contract, payments will be continued to a contingent payee until 10 years from the date of the settlement contract.

**Option 6. Life Income with Installment Refund.** We will pay an income for a guaranteed period and for the rest of the payee's life. The guaranteed period is the period required for the sum of income payments to equal the proceeds applied.

**Option 7. Joint Life Income with 2/3 to Survivor.** We will pay an income while both payees are living. When one payee dies we will pay 2/3 of the income for the rest of the survivor's life. However, if one payee dies within one year from the date of the settlement contract, income will be paid to the survivor thereafter as if the survivor had chosen option 5 on the date of the settlement contract.

**Additional Option to Buy Single Premium Immediate Life Annuity at Reduced Rate.** If proceeds of at least $5,000 are applied under option 4, 5, 6 or 7, additional money may be used to buy a single premium immediate life annuity. The cost of this annuity will be 3 1/2% less than the then published rate. The monthly income from this annuity together with the monthly income from option 4, 5, 6 or 7 may not exceed 3 times the monthly income which could be bought solely by applying the policy proceeds. Written request must be made within 31 days from the date proceeds are payable.

**Payment Provisions.** The first payment under options 2, 3, 4, 5, 6 or 7 will be due as of the date of the settlement contract. The first payment under option 1 will be due at the end of the first interest period. If any payments remain under an option at the death of the payee, or at the death of the surviving payee in regard to option 7, the amount stated below will be paid in one sum to the payee's executors or administrators, unless otherwise directed in the election of the option:

**Option 1.** Any amount left on deposit with accrued interest.

**Option 2.** The unpaid balance of proceeds with accrued interest.

**Option 3.** The commuted value, based on interest at 3% per year, of any future income payments for the stated guaranteed period.

**Options 4, 5, 6 or 7.** The commuted value of any future income payments for the stated guaranteed period, based on interest as follows:

1. if payments are made according to the tables of minimum monthly income on pages 8B, 8C and 8D, 3% per year; or

2. if payments are based on the published rates in effect for immediate annuities, the interest rate shown in the settlement contract.

**Evidence of Age and Survival.** We may require due proof of age and continued survival of a payee under options 4, 5, 6 or 7.

**Special Agreements.** Policy proceeds may be paid in any other manner agreed to by us.

## TABLE OF MINIMUM MONTHLY INCOME FOR FEMALE
### UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

| OPTION 3 INCOME FOR SPECIFIED PERIOD | | AGE AT FIRST PAYMENT | OPTION 4 LIFE INCOME WITH GUARANTEED PERIOD | | | OPTION 6 LIFE INCOME WITHOUT GUARANTEED PERIOD | OPTION 6 LIFE INCOME WITH INSTALLMENT REFUND |
|---|---|---|---|---|---|---|---|
| Year | Income | | 10 Years | 15 Years | 20 Years | | |
| 1 | $54.47 | 5 and under | $2.72 | $2.72 | $2.72 | $2.72 | $2.79 |
| 2 | 42.86 | 6 | 2.73 | 2.73 | 2.73 | 2.73 | 2.79 |
| 3 | 28.99 | 7 | 2.74 | 2.74 | 2.74 | 2.74 | 2.79 |
| 4 | 22.05 | 8 | 2.75 | 2.75 | 2.75 | 2.75 | 2.79 |
| 5 | 17.91 | 9 | 2.76 | 2.76 | 2.76 | 2.76 | 2.79 |
| 6 | 15.14 | 10 | 2.77 | 2.77 | 2.77 | 2.77 | 2.79 |
| 7 | 13.16 | 11 | 2.78 | 2.78 | 2.78 | 2.78 | 2.79 |
| 8 | 11.68 | 12 | 2.79 | 2.79 | 2.79 | 2.79 | 2.79 |
| 9 | 10.53 | 13 | 2.80 | 2.80 | 2.80 | 2.80 | 2.80 |
| 10 | 9.61 | 14 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| 11 | 8.86 | 15 | 2.82 | 2.82 | 2.82 | 2.82 | 2.82 |
| 12 | 8.24 | 16 | 2.83 | 2.83 | 2.83 | 2.83 | 2.83 |
| 13 | 7.71 | 17 | 2.85 | 2.85 | 2.84 | 2.85 | 2.84 |
| 14 | 7.26 | 18 | 2.86 | 2.86 | 2.86 | 2.86 | 2.86 |
| 15 | 6.87 | 19 | 2.87 | 2.87 | 2.87 | 2.87 | 2.87 |
| 16 | 6.53 | 20 | 2.89 | 2.89 | 2.89 | 2.89 | 2.88 |
| 17 | 6.23 | 21 | 2.90 | 2.90 | 2.90 | 2.90 | 2.90 |
| 18 | 5.96 | 22 | 2.92 | 2.92 | 2.92 | 2.92 | 2.91 |
| 19 | 5.73 | 23 | 2.93 | 2.93 | 2.93 | 2.93 | 2.93 |
| 20 | 5.51 | 24 | 2.95 | 2.95 | 2.95 | 2.95 | 2.95 |
| 21 | 5.32 | 25 | 2.97 | 2.97 | 2.96 | 2.97 | 2.96 |
| 22 | 5.15 | 26 | 2.98 | 2.98 | 2.98 | 2.98 | 2.98 |
| 23 | 4.99 | 27 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| 24 | 4.84 | 28 | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 |
| 25 | 4.71 | 29 | 3.04 | 3.04 | 3.04 | 3.04 | 3.04 |
| 26 | 4.59 | 30 | 3.06 | 3.06 | 3.06 | 3.06 | 3.06 |
| 27 | 4.48 | 31 | 3.09 | 3.08 | 3.08 | 3.09 | 3.08 |
| 28 | 4.37 | 32 | 3.11 | 3.11 | 3.11 | 3.11 | 3.10 |
| 29 | 4.27 | 33 | 3.13 | 3.13 | 3.13 | 3.13 | 3.13 |
| 30 | 4.18 | 34 | 3.16 | 3.16 | 3.15 | 3.16 | 3.15 |
| | | 35 | 3.18 | 3.18 | 3.18 | 3.18 | 3.18 |
| | | 36 | 3.21 | 3.21 | 3.21 | 3.21 | 3.20 |
| | | 37 | 3.24 | 3.24 | 3.24 | 3.24 | 3.23 |
| | | 38 | 3.27 | 3.27 | 3.27 | 3.27 | 3.26 |
| | | 39 | 3.30 | 3.30 | 3.30 | 3.30 | 3.29 |
| | | 40 | 3.34 | 3.34 | 3.33 | 3.34 | 3.32 |
| | | 41 | 3.37 | 3.37 | 3.36 | 3.37 | 3.35 |
| | | 42 | 3.41 | 3.40 | 3.40 | 3.41 | 3.39 |
| | | 43 | 3.44 | 3.44 | 3.43 | 3.45 | 3.42 |
| | | 44 | 3.49 | 3.48 | 3.47 | 3.49 | 3.46 |
| | | 45 | 3.53 | 3.52 | 3.51 | 3.53 | 3.50 |
| | | 46 | 3.57 | 3.57 | 3.55 | 3.58 | 3.54 |
| | | 47 | 3.62 | 3.61 | 3.60 | 3.62 | 3.58 |
| | | 48 | 3.67 | 3.66 | 3.64 | 3.67 | 3.63 |
| | | 49 | 3.72 | 3.71 | 3.69 | 3.73 | 3.68 |
| | | 50 | 3.78 | 3.76 | 3.74 | 3.78 | 3.73 |
| | | 51 | 3.83 | 3.82 | 3.79 | 3.84 | 3.78 |
| | | 52 | 3.90 | 3.88 | 3.85 | 3.90 | 3.83 |
| | | 53 | 3.96 | 3.94 | 3.90 | 3.97 | 3.89 |
| | | 54 | 4.03 | 4.00 | 3.95 | 4.04 | 3.95 |
| | | 55 | 4.10 | 4.07 | 4.02 | 4.12 | 4.02 |
| | | 56 | 4.17 | 4.14 | 4.09 | 4.19 | 4.08 |
| | | 57 | 4.25 | 4.22 | 4.15 | 4.28 | 4.15 |
| | | 58 | 4.34 | 4.29 | 4.22 | 4.36 | 4.23 |
| | | 59 | 4.42 | 4.37 | 4.29 | 4.46 | 4.30 |
| | | 60 | 4.52 | 4.46 | 4.36 | 4.56 | 4.39 |
| | | 61 | 4.62 | 4.55 | 4.44 | 4.66 | 4.47 |
| | | 62 | 4.72 | 4.64 | 4.51 | 4.78 | 4.56 |
| | | 63 | 4.84 | 4.74 | 4.59 | 4.90 | 4.66 |
| | | 64 | 4.95 | 4.84 | 4.66 | 5.03 | 4.76 |
| | | 65 | 5.08 | 4.95 | 4.74 | 5.17 | 4.87 |
| | | 66 | 5.21 | 5.06 | 4.81 | 5.31 | 4.98 |
| | | 67 | 5.35 | 5.17 | 4.89 | 5.47 | 5.10 |
| | | 68 | 5.50 | 5.28 | 4.96 | 5.65 | 5.23 |
| | | 69 | 5.66 | 5.40 | 5.03 | 5.83 | 5.36 |
| | | 70 | 5.82 | 5.52 | 5.09 | 6.03 | 5.51 |
| | | 71 | 6.00 | 5.64 | 5.15 | 6.25 | 5.66 |
| | | 72 | 6.18 | 5.75 | 5.21 | 6.49 | 5.82 |
| | | 73 | 6.37 | 5.87 | 5.26 | 6.74 | 5.99 |
| | | 74 | 6.56 | 5.98 | 5.30 | 7.02 | 6.17 |
| | | 75 | 6.76 | 6.09 | 5.34 | 7.33 | 6.37 |
| | | 76 | 6.97 | 6.19 | 5.38 | 7.65 | 6.57 |
| | | 77 | 7.17 | 6.29 | 5.41 | 8.01 | 6.78 |
| | | 78 | 7.39 | 6.38 | 5.43 | 8.40 | 7.02 |
| | | 79 | 7.59 | 6.46 | 5.45 | 8.82 | 7.26 |
| | | 80 | 7.79 | 6.53 | 5.47 | 9.28 | 7.52 |
| | | 81 and over | 7.99 | 6.59 | 5.49 | 9.78 | 7.73 |

MINIMUM INCOME AMOUNTS PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

## TABLE OF MINIMUM MONTHLY INCOME FOR MALE
## UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

| OPTION 3 INCOME FOR SPECIFIED PERIOD | | AGE AT FIRST PAYMENT | OPTION 4 LIFE INCOME WITH GUARANTEED PERIOD | | | OPTION 5 LIFE INCOME WITHOUT GUARANTEED PERIOD | OPTION 6 LIFE INCOME WITH INSTALLMENT REFUND |
|---|---|---|---|---|---|---|---|
| Year | Income | | 10 Years | 15 Years | 20 Years | | |
| 1 | $84.47 | 5 and under | $2.78 | $2.78 | $2.78 | $2.78 | $2.79 |
| 2 | 42.86 | 6 | 2.79 | 2.79 | 2.79 | 2.79 | 2.79 |
| 3 | 28.89 | 7 | 2.80 | 2.80 | 2.80 | 2.80 | 2.80 |
| 4 | 22.06 | 8 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| 5 | 17.91 | 9 | 2.82 | 2.82 | 2.82 | 2.82 | 2.82 |
| 6 | 15.14 | 10 | 2.84 | 2.84 | 2.83 | 2.84 | 2.83 |
| 7 | 13.16 | 11 | 2.85 | 2.85 | 2.85 | 2.85 | 2.84 |
| 8 | 11.68 | 12 | 2.86 | 2.86 | 2.86 | 2.86 | 2.86 |
| 9 | 10.53 | 13 | 2.87 | 2.87 | 2.87 | 2.88 | 2.87 |
| 10 | 9.61 | 14 | 2.89 | 2.89 | 2.89 | 2.89 | 2.88 |
| 11 | 8.86 | 15 | 2.90 | 2.90 | 2.90 | 2.90 | 2.90 |
| 12 | 8.24 | 16 | 2.92 | 2.92 | 2.91 | 2.92 | 2.91 |
| 13 | 7.71 | 17 | 2.93 | 2.93 | 2.93 | 2.93 | 2.93 |
| 14 | 7.26 | 18 | 2.95 | 2.95 | 2.95 | 2.95 | 2.94 |
| 15 | 6.87 | 19 | 2.97 | 2.96 | 2.96 | 2.97 | 2.96 |
| 16 | 6.53 | 20 | 2.98 | 2.98 | 3.00 | 2.98 | 2.97 |
| 17 | 6.23 | 21 | 3.00 | 3.00 | 3.00 | 3.00 | 2.99 |
| 18 | 5.96 | 22 | 3.02 | 3.02 | 3.02 | 3.02 | 3.01 |
| 19 | 5.73 | 23 | 3.04 | 3.04 | 3.03 | 3.04 | 3.03 |
| 20 | 5.51 | 24 | 3.06 | 3.06 | 3.06 | 3.06 | 3.05 |
| 21 | 5.32 | 25 | 3.06 | 3.08 | 3.08 | 3.08 | 3.07 |
| 22 | 5.15 | 26 | 3.10 | 3.10 | 3.10 | 3.10 | 3.09 |
| 23 | 4.99 | 27 | 3.13 | 3.12 | 3.12 | 3.13 | 3.11 |
| 24 | 4.84 | 28 | 3.15 | 3.15 | 3.14 | 3.15 | 3.14 |
| 25 | 4.71 | 29 | 3.18 | 3.17 | 3.17 | 3.18 | 3.16 |
| 26 | 4.59 | 30 | 3.20 | 3.20 | 3.19 | 3.20 | 3.19 |
| 27 | 4.48 | 31 | 3.23 | 3.23 | 3.22 | 3.21 | 3.21 |
| 28 | 4.37 | 32 | 3.26 | 3.26 | 3.25 | 3.26 | 3.24 |
| 29 | 4.27 | 33 | 3.29 | 3.29 | 3.28 | 3.29 | 3.27 |
| 30 | 4.18 | 34 | 3.32 | 3.32 | 3.31 | 3.32 | 3.30 |
| | | 35 | 3.35 | 3.35 | 3.34 | 3.36 | 3.33 |
| | | 36 | 3.39 | 3.38 | 3.37 | 3.39 | 3.36 |
| | | 37 | 3.43 | 3.42 | 3.41 | 3.43 | 3.39 |
| | | 38 | 3.46 | 3.46 | 3.44 | 3.47 | 3.43 |
| | | 39 | 3.50 | 3.50 | 3.48 | 3.51 | 3.47 |
| | | 40 | 3.55 | 3.54 | 3.52 | 3.55 | 3.50 |
| | | 41 | 3.59 | 3.58 | 3.56 | 3.60 | 3.54 |
| | | 42 | 3.64 | 3.62 | 3.60 | 3.64 | 3.58 |
| | | 43 | 3.68 | 3.67 | 3.65 | 3.69 | 3.63 |
| | | 44 | 3.74 | 3.72 | 3.69 | 3.75 | 3.67 |
| | | 45 | 3.79 | 3.77 | 3.74 | 3.80 | 3.72 |
| | | 46 | 3.84 | 3.82 | 3.79 | 3.86 | 3.77 |
| | | 47 | 3.90 | 3.88 | 3.84 | 3.92 | 3.82 |
| | | 48 | 3.97 | 3.94 | 3.89 | 3.99 | 3.88 |
| | | 49 | 4.03 | 4.00 | 3.95 | 4.05 | 3.93 |
| | | 50 | 4.10 | 4.06 | 4.00 | 4.12 | 3.99 |
| | | 51 | 4.17 | 4.13 | 4.06 | 4.20 | 4.06 |
| | | 52 | 4.24 | 4.20 | 4.12 | 4.28 | 4.12 |
| | | 53 | 4.32 | 4.27 | 4.19 | 4.36 | 4.19 |
| | | 54 | 4.41 | 4.35 | 4.25 | 4.45 | 4.26 |
| | | 55 | 4.49 | 4.42 | 4.32 | 4.55 | 4.33 |
| | | 56 | 4.59 | 4.51 | 4.38 | 4.64 | 4.41 |
| | | 57 | 4.68 | 4.59 | 4.45 | 4.75 | 4.50 |
| | | 58 | 4.79 | 4.68 | 4.52 | 4.86 | 4.58 |
| | | 59 | 4.89 | 4.77 | 4.59 | 4.98 | 4.68 |
| | | 60 | 5.01 | 4.87 | 4.66 | 5.11 | 4.77 |
| | | 61 | 5.13 | 4.97 | 4.73 | 5.25 | 4.87 |
| | | 62 | 5.25 | 5.07 | 4.80 | 5.39 | 4.98 |
| | | 63 | 5.39 | 5.17 | 4.86 | 5.55 | 5.09 |
| | | 64 | 5.53 | 5.27 | 4.93 | 5.72 | 5.21 |
| | | 65 | 5.67 | 5.38 | 4.99 | 5.90 | 5.34 |
| | | 66 | 5.83 | 5.49 | 5.05 | 6.09 | 5.47 |
| | | 67 | 5.98 | 5.60 | 5.11 | 6.30 | 5.61 |
| | | 68 | 6.15 | 5.70 | 5.17 | 6.52 | 5.76 |
| | | 69 | 6.32 | 5.81 | 5.21 | 6.76 | 5.91 |
| | | 70 | 6.50 | 5.91 | 5.26 | 7.02 | 6.08 |
| | | 71 | 6.68 | 6.01 | 5.30 | 7.29 | 6.25 |
| | | 72 | 6.86 | 6.11 | 5.34 | 7.59 | 6.43 |
| | | 73 | 7.05 | 6.20 | 5.37 | 7.91 | 6.62 |
| | | 74 | 7.24 | 6.29 | 5.40 | 8.24 | 6.82 |
| | | 75 | 7.42 | 6.37 | 5.42 | 8.61 | 7.04 |
| | | 76 | 7.61 | 6.44 | 5.44 | 9.01 | 7.26 |
| | | 77 | 7.79 | 6.51 | 5.46 | 9.43 | 7.49 |
| | | 78 | 7.97 | 6.57 | 5.48 | 9.89 | 7.74 |
| | | 79 | 8.14 | 6.62 | 5.49 | 10.38 | 7.99 |
| | | 80 | 8.30 | 6.67 | 5.50 | 10.91 | 8.27 |
| | | 81 and over | 8.45 | 6.71 | 5.51 | 11.47 | 8.55 |

MINIMUM INCOME AMOUNTS PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

TABLE OF MINIMUM MONTHLY INCOME UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

OPTION 7 - JOINT LIFE INCOME WITH TWO THIRDS TO SURVIVOR

| Female | 40 | 45 | 50 | 55 | 60 | 65 | 70 | 75 | 80 |
|---|---|---|---|---|---|---|---|---|---|
| Male | | | | | | | | | |
| 40 | $3.35 | $3.45 | $3.55 | $3.67 | $3.80 | $3.94 | $4.10 | $4.28 | $4.47 |
| 41 | 3.37 | 3.47 | 3.58 | 3.70 | 3.83 | 3.97 | 4.14 | 4.32 | 4.51 |
| 42 | 3.39 | 3.49 | 3.60 | 3.72 | 3.86 | 4.01 | 4.18 | 4.37 | 4.56 |
| 43 | 3.41 | 3.51 | 3.62 | 3.75 | 3.89 | 4.05 | 4.22 | 4.41 | 4.61 |
| 44 | 3.42 | 3.53 | 3.65 | 3.78 | 3.92 | 4.08 | 4.26 | 4.46 | 4.67 |
| 45 | 3.44 | 3.55 | 3.67 | 3.81 | 3.96 | 4.12 | 4.31 | 4.51 | 4.72 |
| 46 | 3.46 | 3.57 | 3.70 | 3.84 | 3.99 | 4.16 | 4.35 | 4.56 | 4.78 |
| 47 | 3.48 | 3.59 | 3.72 | 3.87 | 4.03 | 4.20 | 4.40 | 4.61 | 4.84 |
| 48 | 3.50 | 3.62 | 3.75 | 3.90 | 4.07 | 4.25 | 4.45 | 4.67 | 4.90 |
| 49 | 3.52 | 3.64 | 3.78 | 3.93 | 4.10 | 4.29 | 4.50 | 4.73 | 4.97 |
| 50 | 3.54 | 3.66 | 3.80 | 3.96 | 4.14 | 4.34 | 4.55 | 4.79 | 5.04 |
| 51 | 3.56 | 3.69 | 3.83 | 4.00 | 4.18 | 4.38 | 4.61 | 4.85 | 5.11 |
| 52 | 3.58 | 3.71 | 3.86 | 4.03 | 4.22 | 4.43 | 4.66 | 4.92 | 5.19 |
| 53 | 3.60 | 3.73 | 3.89 | 4.07 | 4.26 | 4.48 | 4.72 | 4.99 | 5.27 |
| 54 | 3.62 | 3.76 | 3.92 | 4.10 | 4.31 | 4.53 | 4.78 | 5.06 | 5.35 |
| 55 | 3.65 | 3.78 | 3.95 | 4.14 | 4.35 | 4.59 | 4.85 | 5.13 | 5.43 |
| 56 | 3.67 | 3.81 | 3.98 | 4.17 | 4.39 | 4.64 | 4.91 | 5.21 | 5.52 |
| 57 | 3.69 | 3.84 | 4.01 | 4.21 | 4.44 | 4.69 | 4.98 | 5.29 | 5.62 |
| 58 | 3.72 | 3.86 | 4.04 | 4.24 | 4.48 | 4.75 | 5.05 | 5.37 | 5.72 |
| 59 | 3.74 | 3.89 | 4.07 | 4.28 | 4.53 | 4.81 | 5.12 | 5.46 | 5.82 |
| 60 | 3.76 | 3.92 | 4.10 | 4.32 | 4.58 | 4.87 | 5.19 | 5.55 | 5.93 |
| 61 | 3.79 | 3.95 | 4.13 | 4.36 | 4.62 | 4.93 | 5.27 | 5.64 | 6.04 |
| 62 | 3.82 | 3.97 | 4.17 | 4.40 | 4.67 | 4.99 | 5.34 | 5.74 | 6.16 |
| 63 | 3.84 | 4.00 | 4.20 | 4.44 | 4.72 | 5.05 | 5.42 | 5.84 | 6.28 |
| 64 | 3.87 | 4.03 | 4.24 | 4.48 | 4.77 | 5.11 | 5.51 | 5.94 | 6.41 |
| 65 | 3.90 | 4.06 | 4.27 | 4.52 | 4.82 | 5.18 | 5.59 | 6.05 | 6.54 |
| 66 | 3.92 | 4.10 | 4.31 | 4.57 | 4.88 | 5.25 | 5.68 | 6.16 | 6.68 |
| 67 | 3.95 | 4.13 | 4.34 | 4.61 | 4.93 | 5.31 | 5.76 | 6.28 | 6.83 |
| 68 | 3.98 | 4.16 | 4.38 | 4.65 | 4.98 | 5.38 | 5.85 | 6.39 | 6.98 |
| 69 | 4.01 | 4.19 | 4.42 | 4.70 | 5.04 | 5.45 | 5.94 | 6.51 | 7.13 |
| 70 | 4.04 | 4.23 | 4.45 | 4.74 | 5.09 | 5.52 | 6.03 | 6.63 | 7.29 |
| 71 | 4.07 | 4.26 | 4.49 | 4.78 | 5.14 | 5.59 | 6.12 | 6.76 | 7.45 |
| 72 | 4.10 | 4.29 | 4.53 | 4.83 | 5.20 | 5.66 | 6.22 | 6.88 | 7.62 |
| 73 | 4.13 | 4.33 | 4.57 | 4.87 | 5.25 | 5.73 | 6.31 | 7.01 | 7.80 |
| 74 | 4.16 | 4.36 | 4.61 | 4.92 | 5.31 | 5.80 | 6.40 | 7.14 | 7.97 |
| 75 | 4.19 | 4.39 | 4.65 | 4.96 | 5.36 | 5.87 | 6.50 | 7.27 | 8.15 |
| 76 | 4.22 | 4.43 | 4.68 | 5.01 | 5.42 | 5.94 | 6.59 | 7.40 | 8.33 |
| 77 | 4.25 | 4.46 | 4.72 | 5.05 | 5.47 | 6.00 | 6.68 | 7.53 | 8.52 |
| 78 | 4.28 | 4.49 | 4.76 | 5.10 | 5.52 | 6.07 | 6.77 | 7.66 | 8.71 |
| 79 | 4.31 | 4.53 | 4.80 | 5.14 | 5.58 | 6.14 | 6.87 | 7.79 | 8.89 |
| 80 | 4.34 | 4.56 | 4.83 | 5.18 | 5.63 | 6.21 | 6.96 | 7.92 | 9.08 |

MINIMUM INCOME AMOUNTS FOR AGES NOT SHOWN AND MINIMUM INCOME AMOUNTS
PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

 **AMERICAN GENERAL**

### AMENDMENT OF APPLICATION
American General Life Insurance

Insured(s):     Jorge Mendez
Policy Number: YM00399650

This amendment is attached to and made part of the policy described above.  If any changes or additions are made in this amendment, delivery of the policy must be withheld and both the amendment and the policy are to be returned to the Home Office.

In issuing this policy, the application for the policy has been amended as indicated below:

• Issued with the Date of Birth as 8/26/1955.

•

•

American General Life Insurance Company
Member of American International Group, Inc
750 W. Virginia, P.O. Box 401 • Milwaukee, WI 53201-0401 • 866-424-4524

MAGLNB046

JAN/03/2005/MON 06:57 AM    FINANCIAL GROUP          FAX No. 9738127768              P. 002

Sep 28 2006 8:42     INSURANCE PLANNING CONSUL    19738949264                      p.2

**AIG** AMERICAN GENERAL

**Term Insurance Application**
**Part A**
**New Jersey Version**

☐ American General Life Insurance Company, Houston, TX   ☐ The United States Life Insurance Company in the City of
*Member companies of American International Group, Inc.*            New York, New York, NY
The insurance company checked above is solely responsible for the obligation and payment of benefits under any policy that
it may issue. No other company is responsible for such obligations or payments.

1. Proposed Insured Name __JORGE MENDEZ__   Social Security # __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__
   Sex ☑M ☐F  Birthplace *(state, country)* __ARGENTINA__   Date of Birth __8/26/55__  Age __51__
   Tobacco Use  Have you ever used any form of tobacco or nicotine products? ☐yes ☐no If yes, date of last use __14 MOS AGO__

   If yes, type and quantity of tobacco or nicotine products used _____

   Driver's License No. __M25134106108552__   License State __NJ__

   U.S. Citizen ☑yes ☐no  If no, Date of Entry _____   Type of Visa _____
   Address __42 MAPLE STREET__   City, State __CHATHAM__  __NJ__  ZIP __07928__
   Home Phone __973) 635-1207__ Work Phone __1973 635-5353__  E-mail Address _____
   Employer __A. ACE PAINTING__  Occupation __OWNER__   Length of Employment __22 YR__
   Duties $ __RUN PAINTING CO.__
   Personal Income $ __100,000__   Household Income $ __225,000__   Net Worth $ __900,000__

2. Owner  ☑Proposed Insured   ☐Trust   ☐Someone other than Proposed Insured or Trust
   A. Complete if other than the proposed insured is owner *(If contingent owner is required, use Remarks section.)*

   Name _____   Social Security or Tax ID # _____   Date of Birth _____
   Address _____   City, State _____   ZIP _____
   Home Phone ( )   Relationship to Proposed Insured _____
   B. Complete if owner is a trust. *If trustee is premium payor also complete section 7 part D.)*

   Exact Name of Trust _____   Trust Tax ID # _____
   Current Trustee(s) _____   Date of Trust _____

3. Plan of Insurance  Product Name __LTG 15__   Amount Applied For $ __1,200,000__
   Premium Class Quoted __STD NON TOB__   Reason for Insurance __FAMILY PROTECTION__
   Riders ☐Waiver of Premium ☐Child $ _____   *(Complete Child Rider Attachment)* ☐No current children

4. Primary Name __DEBBY MENDEZ__   Relationship __SPOUSE__  Share __100__ %
   Beneficiary Name _____   Relationship _____  Share _____ %

5. Contingent Name __CASSANDRA MENDEZ__   Relationship __DAUGHTER__  Share __100__ %
   Beneficiary Name _____   Relationship _____  Share _____ %

6. Trust Information (if Beneficiary)  Exact Name of Trust _____
   Trust Tax ID # _____   Current Trustee(s) _____   Date of Trust _____

7. Premium Payment   ☐Modal $ _____   ☐Single $ _____
   A. Frequency of modal premium __✓__ ☐Annual   ☐Semi-annual  ☐Quarterly   ☑Monthly (Bank Draft)
   B. Method:   ☐Direct Billing  ☑Bank Draft *(Complete Bank Draft Authorization.)* ☐List Bill  Number _____
               ☐Other *(Please explain.)* _____
   C. Amount submitted with application $ __-0-__
   D. Premium payor *(Complete if other than owner.)*

   Name _____   Social Security or Tax ID # _____   Home Phone ( )
   Address _____   City, State _____   ZIP _____

8. Health and Age Questions  *(If the proposed insured answers yes to either question, temporary insurance is not available,
   the agreement will be void and any payment submitted will be refunded.)*
   A. Has the proposed insured ever had a heart attack, stroke, cancer, diabetes, or disorder of the immune system, or during
      the last two years been confined in a hospital or other health care facility or been advised to have any diagnostic test or
      surgery not yet performed?                                                    ☐yes ☑no
   B. Is the proposed insured age 71 or above?                                      ☐yes ☑no

ACGLC 100240-21                              Page 1 of 6

JAN/03/2005/MON 06:58 AM   FINANCIAL GROUP        FAX No. 9738127768              P. 004

Sep 28 2006 8:42       INSURANCE PLANNING CONSUL   19739949264                    p. 4

**9.** Other Life Insurance or Annuities     *(Indicate life insurance policies or annuities in force or pending for the proposed insured.)*
☐ Check if none     Types: i=individual, b=business, g=group, p=pending life insurance or annuity

| Policy Number | Insurance Company | Type(s) (see above) | Year of Issue | Face Amount | Replacement* |
|---|---|---|---|---|---|
| YM001 66287 | ADG | I | 2004 | 750,000 | ☐ yes ☒ no |
|  |  |  |  |  | ☐ yes ☐ no |

*Replacement means that the insurance being applied for may replace, change or use any monetary value of any existing or pending life insurance policy or annuity. If replacement may be involved, complete and submit replacement-related forms. Please note: certain states require completion of replacement related forms even when other life insurance or annuities are not being replaced by the policy being applied for.

**10.** Background Information

A. Does the proposed insured intend to travel or reside outside of the United States or Canada within the next two years?   ☐ yes ☒ no
   *(If yes, list country, date, length of stay and purpose.)* _____

B. In the past five years, has the proposed insured participated in, or does he or she intend to participate in: any flights as a trainee, pilot or crew member; scuba diving; skydiving or parachuting; ultralight aviation; auto racing; cave exploration; hang gliding; boat racing; mountaineering; extreme sports or other hazardous activities? *(If yes, circle the applicable activities and complete the Aviation and/or Avocation Questionnaire.)*   ☐ yes ☒ no

C. Has the proposed insured:
   1) During the past 90 days submitted an application for life insurance to any other company or begun the process of filling out an application? *(If yes, list company name, amount applied for, purpose of insurance and if application will be placed.)* ☐ yes ☒ no

   2) Ever had a life or disability insurance application modified, rated, declined, postponed, withdrawn, canceled or refused for renewal?
   *(If yes, list date and reason.)* _____   ☐ yes ☒ no

D. Has the proposed insured ever filed for bankruptcy?   ☐ yes ☒ no
   *(If yes, list chapter filed, date, reason and if discharged.)* _____

E. In the past five years, has the proposed insured been charged with or convicted of driving under the influence of alcohol or drugs or had any driving violations?   ☐ yes ☒ no
   *(If yes, list date, state, license no. and specific violation.)* _____

F. Has the proposed insured ever been convicted of or pled guilty or no contest to a felony or does he or she have any such charge pending against him or her? *(If yes, list date, state and felony.)*   ☐ yes ☒ no

**REMARKS**

**11.** Details and Explanations _____
_____
_____
_____
_____

**Agent/Agency Information**

Does the proposed insured have any existing or pending annuity or life insurance contracts?   ☒ yes ☐ no

If yes, will the proposed insured replace, change, or use any monetary value of any existing or pending life insurance policy or annuity with any company in connection with the purchase of insurance?   ☐ yes ☒ no
*(If yes, please provide details in the Remarks section and attach all replacement-related forms. Certain states require completion of replacement-related forms even when life insurance or annuities are not being replaced by the policy being applied for.)*
I have ordered/obtained the following requirements: ☐ APS ☐ Blood Profile/Urinalysis ☐ EKG ☐ Inspection Report ☐ MD Exam ☐ Oral Fluids *(as state permits)* ☐ Paramedical Exam ☐ Treadmill ☐ Urinalysis Only. *(If requirements are scheduled, please provide name of examiner, clinic and date ordered.)* _____

| Agent(s) to Receive Commission | Agency Number | Agent Number | % of Commission |
|---|---|---|---|
| Jeffrey Greenberg | OCV48 | OFF84 | 100 |

I certify that the information supplied by the proposed insured/owner has been truthfully and accurately recorded on the Part A application.

Jeffry Greenberg                          8049161 IP
Writing Agent's Name (please print)       State License #

X _____        X _____
Writing Agent Signature           Countersigned (licensed resident agent if state required)

Social Security or Tax ID # 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   Phone # (973) 994-7155   E-mail Address Jeff@IPCNJ.NET
ADG 101240-31                          Page 2 of 6

JAN/03/2005/MON 06:57 AM   FINANCIAL GROUP           FAX No. 9738127758              P. 003

Sep 28 2006 8:42      INSURANCE PLANNING CONSUL  19739949264                    P.3

## AUTHORIZATION AND SIGNATURE

**American General Life Insurance Company, Houston, TX**       **The United States Life Insurance Company in the City of New York, New York, NY**

The above listed life insurance company as selected on page one of this application is solely responsible for the obligation and payment of benefits under any policy that it may issue. No other company is responsible for such obligations or payments. In this application, "Company" refers to the insurance company which was selected on page one.

**Authorization to Obtain and Disclose Information and Declaration**

I give my consent to any of the entities listed below to give the Company, its legal representative, or American General Life Companies, an (affiliated service company), all information they have pertaining to medical consultations, treatments, or surgeries; hospital confinements for physical and mental conditions; use of drugs or alcohol; or any other information; for me or my minor children. Other information could include items such as: personal finances, habits, hazardous avocations, motor vehicle records from the Department of Motor Vehicles or court records, foreign travel, etc. The list of entities for which I give my consent to provide the information above is as follows: any physician or medical practitioner; any hospital, clinic or other health care facility; any insurance or reinsurance company; any consumer reporting agency or insurance support organization; my employer; or the Medical Information Bureau (MIB).

I understand the information obtained will be used by the Company to determine eligibility for insurance and eligibility for benefits under an existing policy. The Company may disclose any information gathered during its evaluation of my application to: its reinsurers, the MIB, other persons or organizations performing business or legal services in connection with my application or claim, me, any physician designated by me, or any person or entity required to receive such information by law or as I may further consent.

I, as well as any person authorized to act on my behalf, may, upon written request, obtain a copy of this consent from American General Life Companies. I understand that this consent may be revoked at any time by sending a written request to American General Life Companies, ATTN: Underwriting Department at P.O. Box 1931, Houston, TX 77251-1931.

This consent will be valid for 24 months from the date of this application. I agree that a copy of this consent will be as valid as the original. I authorize the Company to obtain an investigative consumer report on me. I understand that I may: request to be interviewed for the report; and receive, upon written request, a copy of such report.  ☐ Check if you wish to be interviewed.

I have read the above statements or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued. I understand that any misrepresentation made in this application and relied on by the insurer issuing the policy may be used to reduce or deny a claim or void the policy, if: (1) it is within its contestable period; and (2) such misrepresentation materially affects the acceptance of the risk. Except as may be stated in a Limited Temporary Life Insurance Agreement (LTLIA) for which all requirements are met, I understand and agree that no insurance will be in effect under this application, or any new policy issued by the insurer, unless or until: the policy has been delivered and accepted; the full first modal premium for the policy has been paid; and there has been no change in the health of the proposed insured that would change the answers to any questions in the application.

I understand and agree that no agent may: accept risks or pass upon insurability; make or modify contracts; or waive any of the insurer's rights or requirements.

I have received a copy of the Notices to the Proposed Insured.

Limited Temporary Life Insurance Agreement– If eligible, I have received and accepted the LTLIA. This insurance is available only if: the full first modal premium is submitted with this application and "no" answers have been given by the proposed insured to the Health and Age questions in section 8.

---

Under penalties of perjury, I certify: (1) that the number shown on this application is my correct Social Security or Tax ID number; (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code; and (3) that I am a U.S. person (including a U.S. resident alien). The Internal Revenue Service does not require my consent to any provision of this document other than the certifications required to avoid backup withholding.  You must cross out item (2) if you are subject to backup withholding and cross out item (3) if you are not a U.S. person (including a U.S. resident alien).

---

Proposed Insured/Owner Signature(s)

Signed at (City, State) ___Livingston, N.J.___         On (Date) ___9/26/06___

X _____                           X _____

(Primary Proposed Insured (if under age 15, signature of parent or guardian)     Owner (if other than proposed insured)

AGLC 100264-31                                         Page 3 of 6

JAN/03/2005/MON 07:00 AM   FINANCIAL GROUP        FAX No. 9738127768        P. 011
Oct 30 2006 12:39   INSURANCE PLANNING CONSUL   19739949264        p.3

## AIG AMERICAN GENERAL

**Part B  Life Insurance Application**
**New Jersey Version**

☑ American General Life Insurance Company, Houston, TX
☐ The United States Life Insurance Company in the City of New York, New York, NY

Members of American International Group, Inc.

In this application, "Company" refers to the insurance company whose name is checked above.
The insurance company checked above is solely responsible for the obligation and payment of benefits under any policy that it may issue. No other company shown is responsible for such obligations or payments.

| Personal Information |
| --- |

**1.  Primary Proposed Insured**
Name _Jorge Mendez_   Date of Birth 08/26/5⊘  Social Security # 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

**2.  Other Proposed Insured**
Name _____   Date of Birth _____   Social Security # _____

**3.  Children** *(Provide name and date of birth for all children.)*
_____

| Medical History |
| --- |

**4.  Physician Information**
Name and address of each proposed insured's personal physician(s). *(Write None if proposed insured(s) do not have one.)*
Primary Proposed Insured _Dr Afferman   Summit Kid Group_
Other Proposed Insured _Diamond Hill Rd   Berkley Heights N.J_
Child(ren) _____
Name of insured, date, reason, findings and treatment of last visit
_8 year no recall_

**5.  Height and Weight**
Primary Proposed Insured _5_ ft. _9_ in. _173_ lbs.   Other Proposed Insured ____ ft. ____ in. ____ lbs.
Child Name _____ ft. ____ in. ____ lbs. If less than 1 yr. old, weight at birth _____
Child Name _____ ft. ____ in. ____ lbs. If less than 1 yr. old, weight at birth _____
Child Name _____ ft. ____ in. ____ lbs. If less than 1 yr. old, weight at birth _____
Has any proposed insured had any weight change in excess of 10 lbs. in the past year? ☐ Yes ☑ No  If yes, complete:
Name _____ Loss ____ lbs. Gain ____ lbs. Reason _____

**6.  Family History**

| | Age if Living | Age at Death | Heart Disease? | Cancer History? |
| --- | --- | --- | --- | --- |
| **Primary Proposed Insured** | | | | |
| Father | | 70+ | ☑ No ☐ Yes, age of onset ___ | ☑ No ☐ Yes, age of onset ___ Type ___ |
| Mother | | 79 | ☑ No ☐ Yes, age of onset ___ | ☑ No ☐ Yes, age of onset ___ Type ___ |
| **Other Proposed Insured** | | | | |
| Father | | | ☐ No ☐ Yes, age of onset ___ | ☐ No ☐ Yes, age of onset ___ Type ___ |
| Mother | | | ☐ No ☐ Yes, age of onset ___ | ☐ No ☐ Yes, age of onset ___ Type ___ |

AGLC 100560-NJ

Page 1 of 4

JAN/03/2005/MON 07:00 AM   FINANCIAL GROUP        FAX No. 9738127768           P. 012
  Oct 30 2006 12:39      INSURANCE PLANNING CONSUL  19738949264                p. 4

**7. Personal Health History**

*Complete questions A through G for all proposed insureds who are applying. If yes answer applies to any proposed insured, provide details, such as: proposed insured's name, date of first diagnosis, name and address of doctor, tests performed, test results, medication(s) or recommended treatment in the area provided.*

A. Has any proposed insured ever been diagnosed as having, been treated for, or consulted a licensed health care provider for:

1) heart disease, heart attack, chest pain, irregular heartbeat, heart murmur, high cholesterol, high blood pressure or other disorder of the heart? ☐ yes ☑ no

2) a blood clot, aneurysm, stroke, or other disease, disorder or blockage of the arteries or veins? ☐ yes ☑ no

3) cancer, tumors, masses, cysts or other such abnormalities? ☐ yes ☑ no

4) diabetes, a disorder of the thyroid or other glands or a disorder of the immune system, blood or lymphatic system? ☐ yes ☑ no

5) colitis, hepatitis or a disorder of the esophagus, stomach, liver, pancreas, gall bladder or intestine? ☐ yes ☑ no

6) a disorder of the kidneys, bladder, prostate or reproductive organs or sugar or protein in the urine? ☐ yes ☑ no

7) asthma, bronchitis, emphysema, sleep apnea or other breathing or lung disorder? ☐ yes ☑ no

8) seizures, a disorder of the brain or spinal cord or other nervous system abnormality, including a mental or nervous disorder? ☐ yes ☑ no

9) arthritis, muscle disorder, connective tissue disease or other bone or joint disorders? ☐ yes ☑ no

(If any question above is answered yes, explain.)

| Name of Proposed Insured | Details |
|---|---|
| | |
| | |
| | |
| | |
| | |

B. Is any proposed insured currently taking any medication, treatment or therapy or under medical observation? ☐ yes ☑ no
(If yes, explain.)

| Name of Proposed Insured | Details |
|---|---|
| | |
| | |
| | |
| | |

C. Has any proposed insured in the past three years had but not sought treatment for:

1) fainting spells, nervous disorder, headaches, convulsions or paralysis? ☐ yes ☑ no

2) any pain or discomfort in the chest or shortness of breath? ☐ yes ☑ no

3) disorders of the stomach, intestines or rectum, or blood in the urine? ☐ yes ☑ no

(If any question above is answered yes, explain.)

| Name of Proposed Insured | Details |
|---|---|
| | |
| | |
| | |
| | |
| | |

AGLC 10000 NJ                                                Page 2 of 4

**Personal Health History (cont.)**

*If yes answer applies to any proposed insured, provide details, such as: proposed insured's name, date of first diagnosis, name and address of doctor, tests performed, test results, medication(s) or recommended treatment in the area provided.*

D. Has any proposed insured ever:

1) sought or received advice, counseling or treatment by a medical professional for the use of alcohol or drugs, including prescription drugs?                                                        ☐ yes ☑ no

2) used cocaine, marijuana, heroin, controlled substances or any other drug, except as legally prescribed by a physician?                                                                          ☐ yes ☑ no

*(If yes answered to D1 or D2, complete Drug/Alcohol Questionnaire.)*

E. Has any proposed insured ever been diagnosed or treated by any member of the medical profession for AIDS Related Complex (ARC) or Acquired Immune Deficiency Syndrome (AIDS)? *(If yes, explain.)*            ☐ yes ☑ no

| Name of Proposed Insured | Details |
|---|---|
| | |

F. In the past 10 years, has any proposed insured:

1) been hospitalized, consulted a health care provider or had any illness, injury or surgery?              ☑ yes ☐ no
2) had any laboratory tests, treatments or diagnostic procedures, including x-rays, scans or EKGs?         ☑ yes ☐ no
3) been advised to have any diagnostic test, hospitalization or treatment that was not completed?          ☐ yes ☑ no
4) received or claimed disability or hospital indemnity benefits or a pension for any injury, sickness, disability or impaired condition?                                                            ☐ yes ☑ no

*(If any question above is answered yes, explain.)*

| Name of Proposed Insured | Details |
|---|---|
| B/l plantar fascitis - cortisone inj. | Podiatrist |
| Jua | Dr De Francesco |
| | Summit med group |
| F/1) Routine Colonoscopy 5 yrs prior | Diamond Hill Rd |
| Dr. Belhdonee   Normal | Berkley Heights, NJ. |
| Summit Med Group | |
| Summit, N.J. | |

G. Does any proposed insured have any symptoms or knowledge of any other condition that is not disclosed above? *(If yes, explain.)*                                                                ☐ yes ☑ no

| Name of Proposed Insured | Details |
|---|---|
| | |

## Statements and Signatures

**Statement by the Proposed Insured(s)**

I have read the above statements or they have been read to me. They are true and complete to the best of my knowledge and belief.  I understand that this application: (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) it is within its contestable period; and (2) such misrepresentation materially affects the acceptance of the risk. Except as may be provided in a Limited Temporary Life Insurance Agreement (LTLIA), I understand and agree that no insurance will be in effect pursuant to this application, or under any new policy issued by the Company, unless or until the policy has been delivered and accepted; the full first modal premium for the issued policy has been paid; and there has been no change in the health of any proposed insured that would change the answers to any questions in the application.

I understand and agree that no agent is authorized to: accept risks or pass upon insurability; make or modify contracts; or waive any of the insurer's rights or requirements.

**Fraud**

Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties.

**Proposed Insured(s) Signature(s)**

Signed at (city, state) _Chatham N.J_          On (date) _10-22-06_

X _____     X _____
Primary Proposed Insured (if under age 15, signature of parent or guardian)     Other Proposed Insured (if under age 15, signature of parent or guardian)

**Signature(s) of Interviewer(s)**

To be signed by all interviewers, as applicable

I certify that the information supplied by the proposed insured(s) has been truthfully and accurately recorded on the Part B application.

Writing Agent Name (please print) _____     Writing Agent # _____

X _____     X _____
Writing Agent Signature                        Countersigned (Licensed resident agent if state required)

I certify that the information supplied by the proposed insured(s) has been truthfully and accurately recorded on the Part B application.

Other Company Representative Name (please print) _____     Company _____

X _____
Other Company Representative Signature

**Paramedical Examiner/Medical Doctor Signature**

Agent should inform paramed or medical doctor of proper location to send form upon completion.

I certify that this exam was conducted the _22_ day of _Oct_ , 20_06_ at _9_ ☑am ☐pm

Examiner's Address _____

Examiner's Phone # _____          MEDEX EXAMS LLC
                                              215 GORDONS CORNER RD.
Examiner's Name _Colette Crugle_              MANALAPAN, NJ 07728
                                              (732) 792-2121
Examiner's Signature X _Carr Col_

Paramed: Use company stamp below.

AOLC 10366-3 J                                              Page 4 of 4

Renewable Level Benefit Term Life Policy
Premiums Payable During Term
Insurance Payable in Event of Death Prior to Final Expiry Date
New Policy Option

Adjustable Premium

No Dividends
Re-Entry Option

LTG 2000

NJ
YM00399650

Last Page



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Robert P. Lesko (RPL 1553)
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0808
robert.lesko@wilsonelser.com
**Attorneys for Defendant American General Life
Insurance Company**

| | |
|---|---|
| DEBBY MENDEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN GENERAL LIFE INSURANCE<br>COMPANY,<br><br>          Defendant. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: MORRIS COUNTY<br>: DOCKET NO.: L-3866-08<br>:<br>: .<br>:<br>:<br>:<br>:<br>: |

TO:     Clerk
         Superior Court of New Jersey
         Law Division, Civil Part
         Morris County
         Morris County Courthouse
         Washington & Court Streets
         Morristown, New Jersey 07960-0910

         Elizabeth H. Hamlin, Esq.
         Garrity, Graham, Murphy, Garofalo & Flinn
         One Lackawanna Plaza
         Montclair, New Jersey 07042

## NOTICE OF FILING OF REMOVAL TO UNITED STATES DISTRICT COURT

**PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. § 1441 (a), defendant, American

General Life Insurance Company ("American General") by and through its undersigned

attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, on this date have filed a Notice of

834876.1

Removal of a Civil Action from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey, Newark Vicinage, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446 (a), copies of which are attached hereto, and made part hereof.

**PLEASE TAKE FURTHER NOTICE**, that Defendants hereby file this Notice and Petition with the Morris County Clerk of the Superior Court of New Jersey, Law Division, in accordance with 28 U.S.C. § 1446(d).

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Defendant American General Life Insurance Company

By: _____
Julie E. Von Bevern, Esq.

DATED:   March 13, 2009

834876.1

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of the defendant, I caused an original and two copies of the

Notice of Filing of Removal along with attached Notice of Removal, to be delivered overnight

mail on this date to:

> Clerk
> Superior Court of New Jersey
> Law Division, Civil Part
> Morris County
> Morris County Courthouse
> Washington & Court Streets
> Morristown, New Jersey 07960-0910

I further certify that I caused to be delivered one (1) copy overnight mail to:

> Elizabeth H. Hamlin, Esq.
> Garrity, Graham, Murphy, Garofalo & Flinn
> One Lackawanna Plaza
> Montclair, New Jersey 07042

I further certify that the foregoing statements made by me are true.  I am aware that if any
of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Attorneys for Defendant American General Life Insurance Company
>
> By: _____
> Julie E. Von Bevern, Esq.

DATED:  March 13, 2009

834876.1