# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBBY MENDEZ,<br><br>                Plaintiff,<br><br>  v.<br><br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY,<br><br>                Defendant. | Civil Action No. 09-cv-01155<br><br>**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT AND FOR ENTRY OF JUDGMENT ON ITS <u>COUNTERCLAIMS</u>**<br><br>**<u>FILED ELECTRONICALLY</u>** |

Pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Court for the District of New Jersey, defendant American General Life Insurance Company ("American General" or "defendant"), makes the following Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

959168.1

The parties have entered into a Joint Stipulation of Facts.[1]  Paragraphs 1 through 41 of this Local Civil Rule 56.1 Statement are repeated <u>verbatim</u> from the Joint Stipulation of Facts (hereafter "JSF"), except for language referring to documents attached as exhibits to the JSF.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   American General issued Renewable Level Benefit Term Life Policy No. YM00399650 (hereinafter the "Policy") insuring the life of Jorge Mendez (hereinafter sometimes referred to as "Mendez"), effective December 6, 2006.

2.   On April 15, 2007, American General contacted Mendez informing him that the Policy was terminated due to a failure to pay premiums.  American General informed Mendez to contact American General for information regarding reinstatement of the Policy.

3.   The plaintiff contends that American General's notice means that the Policy had lapsed, <u>i.e.</u>, the life insurance benefits had ended, but contends that the Policy itself had not terminated.

---

[1] Copies of the Joint Stipulation of Facts and the discovery materials referenced herein are attached to the Certification of Kevin C. Donovan, executed on March 2, 2010 and filed herewith (hereafter "Donovan Cert."), or to the Certification of Michael Sepanski, executed on March 1, 2010 and filed herewith (hereafter

2

4. On April 26, 2007, Jeffrey Greenberg of PGA Financial Group forwarded Jorge Mendez's Reinstatement Application to American General.

5. On May 8, 2007, as described below, Jorge Mendez supplemented his answers in the Reinstatement Application.

6. Based on Jorge Mendez's answers to the questions in the Reinstatement Application (and payment of back premiums due), American General reinstated the Policy.

7. Jorge Mendez died on March 12, 2008 (according to a Proof of Death Statement filed by Debby Mendez).

8. Plaintiff, Debby Mendez, is an adult resident and a citizen of the State of New Jersey, having her residence at 42 Maple Street, Chatham, New Jersey 07928.

9. Plaintiff, Debby Mendez, is named the primary beneficiary of the Policy and has made claim for payment of the life insurance benefits under the Policy.

10. Plaintiff, Debby Mendez, seeks payment of the death benefit of $1.2 million under the Policy on account of the death of the insured, Jorge Mendez, on March 12, 2008.

---

"Sepanski Cert.").

11. American General contends that Jorge Mendez made material misrepresentations in his Reinstatement Application for the Policy concerning his health and medical history, representations upon which American General reasonably relied in agreeing to reinstate the Policy.

12. Based on what American General contends are those material misrepresentations, American General denied plaintiff's claim and rescinded the Policy.

13. Plaintiff denies that the representations made by Jorge Mendez in the Reinstatement Application were false and contends that at the time the Reinstatement Application was completed by Jorge Mendez, the representations were true and accurate to the knowledge of Jorge Mendez. She contends that Mendez's entitlement to reinstatement of the insurance, i.e., the life insurance benefits, is controlled by the policy terms and conditions, and that the insurance is automatically restored after lapse upon submission of the Reinstatement Application to American General.

14. A controversy exists between the parties hereto requiring a declaration from this Court as to the rights and obligations of the parties.

4

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

16. Venue lies within this District under the provisions of 28 U.S.C. §1391(a) because a substantial part of the events and omissions giving rise to the claim occurred within this district and because one or more of the defendants resides within this district.

17. On September 26, 2006, the decedent, Jorge Mendez, submitted a Term Insurance Application to American General Life Insurance Company seeking issuance of a life insurance policy in the amount of $1.2 million.

18. Part A of the application was executed in Livingston, New Jersey. Part B of the application was executed in Chatham, New Jersey.

19. On December 6, 2006, American General issued Renewable Term Level Benefit Term Life Policy No. YM00399560 insuring the life of Mendez. A true copy of the Policy is attached to the JSF as Exhibit A.

20. On April 15, 2007, American General contacted Mendez informing him that the Policy was terminated due to a failure to pay premiums. American General informed Mendez to contact American General for information regarding reinstatement of the Policy.

21. A true and correct copy of an April 15, 2007 letter sent to Mendez, advising him of the foregoing, is attached to the JSF as Exhibit B.

22. On April 20, 2007, Mendez executed a Reinstatement Application for Life Insurance, which was submitted to American General on April 26, 2007. A true and correct copy of the Reinstatement Application that was forwarded to American General by PGA Financial on April 26, 2007 is included in the JSF as Exhibit C.

23. On May 2, 2007 American General forwarded a letter to Jorge Mendez acknowledging receipt of his request to reinstate the life insurance contract and advising that it was unable to complete his request until such time as he responded to Question No. 4 on Page 2, Section II-B. Though the parties disagree on whether the entire Reinstatement Application was sent, they agree that a copy of Page 2, Section II-B that included Question No. 4, was attached to the May 2, 2007 letter. Mr. Mendez was instructed to answer Question No. 4 using ink and date the changes. A true copy of the American General May 2, 2007 letter and Page 2, Section II-B of the Reinstatement Application (blank as to Question No. 4 at time of receipt) that included Question No. 4 is attached to the JSF as Exhibit D.

24. On May 7, 2007 Jorge Mendez completed, dated and initialed his response to Question No. 4, and resubmitted Pages 1 and 2 of the Reinstatement

Application, which were forwarded to American General on May 8, 2007 by PGA Financial. A true copy of the Pages 1 and 2 forwarded, along with the PGA Financial cover document, are attached to the JSF as Exhibit E.

25. In his response to Question No. 4 on Page 2, Section II-B of the Reinstatement Application, Jorge Mendez wrote:

"2/8/06 physical/no findings

all normal JM 5/7/07"

26. Jorge Mendez was examined by Dr. Lloyd Alterman on February 8, 2006. A true copy of Dr. Alterman's report of February 8, 2006 is attached to the JSF as Exhibit F.

27. In reliance upon Mendez's answers and each and every statement and representation made by Mendez in the Reinstatement Application as to his health and medical condition which answers were material to the risk, on May 24, 2007 American General reinstated the Policy.

28. On March 18, 2008, American General received a Proof of Death Claimant's Statement from plaintiff, Debby Mendez, who stated that Mendez had died on March 12, 2008 as a result of a brain tumor.

29. American General conducted an investigation regarding the representations made by Jorge Mendez as set forth in the Reinstatement Application.

30. American General learned that on April 24, 2007, Mendez had visited Dr. John Dokko, DO, at Summit Medical Group. The report of Dr. Dokko concerning his evaluation and recommendation of an MRI is attached to the JSF as Exhibit G.

31. American General learned that on April 27, 2007 Jorge Mendez underwent an MRI that evidenced a mass within the left frontal lobe of Mendez's brain. The report of Dr. Amir Salomon dated April 27, 2007 concerning the results of the MRI is attached to the JSF as Exhibit H.

32. Debby Mendez represents that on April 29, 2007 Jorge Mendez was informed by Dr. Dokko of the results of the MRI as contained in the report of Dr. Salomon.

33. American General learned that on April 30, 2007 Mendez was evaluated by Dr. Otakakar R. Hubschmann, M.D., F.A.C.S. Dr. Hubschmann rendered his impression that Jorge Mendez had a large tumor of all probability a glioblastoma. Dr. Hubschmann recommended radical resection as a course of

action. A true copy of Dr. Hubschmann's report dated May 4, 2007 is attached to the JSF as Exhibit I.

34. On May 2, 2007, Mendez was seen by Dr. Philip H. Gutin, M.D. Dr. Gutin diagnosed Mr. Mendez as having a glioblastoma. Dr. Gutin recommended a right frontal burr hole and stereotactic biopsy of the corpus callosum mass. A true copy of Dr. Gutin's report dated May 2, 2007 is attached to the JSF as Exhibit J.

35. On May 4, 2007 Mendez underwent a neurological consultation by Dr. Richard M. Hodaosh, M.D., F.A.C.S. Dr. Hodaosh diagnosed Jorge Mendez with a probable high-grade glioma left frontal area. Dr. Hodaosh recommended surgery to remove as much of the tumor as possible. A true copy of the report dated May 4, 2007 of Dr. Hodaosh is attached to the JSF as Exhibit K.

36. On May 14, 2007, Mendez was examined again by Dr. John Dokko, DO, to obtain a medical clearance for an upcoming debulking procedure with biopsy of a large left frontal mass extending into the right hemisphere. A true copy of the report of Dr. John Dokko dated May 14, 2007 is attached to the JSF as Exhibit L.

37. On May 17, 2007 Jorge Mendez underwent a surgical

9

procedure for removal of the mass identified in the MRI report of Dr. Salomon. The Surgical Pathology Report of John-Paul Bouffard, M.D. dated May 17, 2007 is attached to the JSF as Exhibit M.

38. Following his surgical procedure, on May 17, 2007 Jorge Mendez was informed that the mass identified in the MRI and noted in the report of Dr. Salomon dated April 27, 2007 was in fact a brain tumor, specifically a glioblastoma.

39. Jorge Mendez did not disclose to American General the change in his health, or the physicians with whom he consulted, after he had submitted the Reinstatement Application that he dated and executed on April 20, 2007, which was submitted to American General via facsimile on April 26, 2007, or after he submitted his response to Question No. 4 on May 7, 2007, which PGA Financial forwarded to American General on May 8, 2007.

40. Based upon the answers submitted by Mendez in the Reinstatement Application, American General reinstated the Policy on May 24, 2007.

41. If American General had known of the change in the health of Jorge Mendez, it would not have reinstated the Policy.

42. Debby was present at Jorge's side both when Jorge originally executed the Reinstatement Application, and when he later completed, signed and initialed Question No. 4 on Page 2, Section II-B (Donovan Cert., ¶ 4, Ex. D).

43. Debby knew that the Policy would not be reinstated until back premiums were paid. She signed the check, in the amount of $1,408.39, sent to American General after it notified Jorge of the need for a premium payment in that amount to complete the reinstatement process (Sepanski Cert., ¶ 8 & Ex. C).

44. As of May 10, 2007 Jorge had not paid the necessary premium (Sepanski Cert., ¶ 8 & Ex. C).

45. Attached as Exhibit A to the Sepanski Certification is a true and correct copy of correspondence addressed to Jorge Mendez dated May 2, 2007 that was sent by the American General reinstatement department on or about May 2, 2007. Accompanying the letter was a complete copy of the Reinstatement Application as reflected by the letter (Sepanski Cert., ¶ 6 & Ex. A).

The foregoing Statement of Undisputed Material Facts is submitted on behalf of defendant American General Life Insurance Company.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendant American General Life Insurance Company

By: *[signature]*
KEVIN C. DONOVAN, ESQ.

Dated: March 2, 2010